43046. HARRISON, Administrator, et al. v. ARRENDALE.

WHITMAN, Judge. Mrs. Charles R. Pierce and Mrs. E. L. Pinkerton, sisters, filed a petition seeking an injunction against the sale (under power) of certain land conveyed by deed to secure debt, adjudication of the amount of indebtedness due under a promissory note made by both plaintiffs and secured by the aforesaid deed, and cancellation of the deed upon payment of the amount of the indebtedness into court. The petition also charged that the debt was usurious and sought a forfeiture of the interest.

The original trial of the usury issue resulted in a verdict and judgment for the defendant for $33,000, including principal, interest and attorney's fees, but on appeal to this court was remanded with direction that a new trial be granted. This was for the reason that, as against one of the plaintiffs, the verdict for attorney's fees was not authorized by the evidence and was incapable of correction because it could not be determined from the record what portion of the verdict consisted of such attorney's fees. See *Harrison v. Arrendale,* 113 Ga. App. 118 (2) (147 SE2d 356).

Plaintiff Pinkerton died subsequent to the first trial and plaintiff Pierce died subsequent to the first appeal and before the second trial. The transcript of Mrs. Pierce's testimony from the first trial was read into evidence at the second trial. Mrs. Pinkerton did not testify at the first trial. The second trial of the case again resulted in a verdict and judgment for the defendant, this time for the sum of $33,500 principal and $8,010 interest and no attorney's fees.

The only error enumerated on this appeal is that the trial court erred in entering judgment pursuant to the jury's verdict for the reason that the verdict and the judgment were contrary to law, contrary to the evidence, without evidence to support it, and contrary to the principles of justice and equity. *Held:*

1. In reviewing the transcripts from both trials the court finds

that the evidence adduced at the second trial did not differ in any material respect from that presented at the first trial, and also recounted in *Harrison v. Arrendale,* 113 Ga. App. 118, supra, with the exception that the appellee added to his evidence the testimony of a banker hereinafter referred to.

On the present appeal the same basic question is presented as in *Harrison v. Arrendale,* 113 Ga. App. 118, supra, i.e., whether the evidence on the second trial was sufficient to support the verdict. In *Harrison v. Arrendale,* supra, this court stated that there was evidence from which the jury in that case was authorized to find that the transactions in question were not usurious. The court also stated that there was no evidence to show that plaintiffs' assumption of Richards' indebtedness was involuntary on their part. This, of course, related to plaintiffs' assumption of such indebtedness, if there was a Richards indebtedness to the defendant Arrendale, and its assumption, if any, by plaintiffs. In that connection the court also said (p. 123): "But here, the jury could have found that such consideration [for the assumption of Richards' debts] other than the loans to plaintiffs themselves, actually existed," the court further stating "whenever plaintiffs executed a new note, it was customary between the parties that defendant return the checks evidencing Richards' indebtedness. Presumably, it was thereby intended to release Richards, and if so, this constituted additional consideration to plaintiffs. When an excess is paid, or contracted to be paid, for other good and valuable considerations beyond the mere use of money not interposed as a device to cover usury, the excess is not usury." The checks were also referred to as receipts and were not cashed but canceled.

The court further stated in the opinion in *Harrison v. Arrendale,* supra, that "while the evidence might have authorized a finding of usurious intent, that finding was not demanded as a matter of law"; and that "the trial court did not err in denying plaintiffs' motion for judgment n.o.v."

The principles of law set forth in *Harrison v. Arrendale,* supra, are controlling here. The evidence adduced both on the first trial and on the second trial did not differ in any material respect, as above stated. There was also sufficient evidence on the second trial to support the verdict.

2. The appellants have, on this appeal, called attention to evidence in the record of a conveyance of two lots by the

appellants to the appellee and contended that the facts surrounding this transaction demanded a finding of usury. The two lots involved, plus other realty, were subject to a deed to secure debt given by the appellants to appellee as security for their note. The testimony of Mrs. Pierce was that she and Mrs. Pinkerton conveyed two lots to appellee which he was to sell and credit the sale price against their note but that they received no credit.

There is testimony in the record by the appellee that a third party became interested in buying the lots, and that at that time and since the last promissory note was executed the appellants had become indebted to him for an additional $2,000 and that after conferring with them about desire of the third party they reached an agreement whereby appellee received the land in cancellation of the $2,000 indebtedness and in turn resold it.

The appellee's testimony in effect explained this transaction as an arms-length purchase and sale agreement between the parties and is consistent with and supports the verdict.

3. The testimony of the certified public accountant called by the appellants was that, based upon the notes and information furnished him, he had computed that the balance due on "the note" at the specified interest (8%—simple interest) would be $28,759.87, consisting of $20,129.37 principal and the balance being interest, but that if there had been a larger amount loaned than the amounts represented to him, his computations would change. This testimony was not inconsistent with the verdict.

The testimony of the banker called by the appellee was that he had computed the interest at 8% which would be owing on a note for $33,500 from its maturity date to the date of the trial (June 24, 1964 to June 20, 1967), and that it would be $8,129.77.

    *Judgment affirmed. Bell, P. J., and Pannell, J., concur.*

ARGUED SEPTEMBER 8, 1967—DECIDED MARCH 11, 1968—REHEARING DENIED MARCH 26, 1968—

*Robert E. Andrews*, for appellants.

*Ellard & Frankum, Stephen D. Frankum*, for appellee.